**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Andre R. Levesque</u>

    v.                                  Civil No. 09-cv-246-SM

<u>State of New York et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Andre Levesque's complaint (doc. no. 1), seeking damages and other relief against the State of New York; the New York State Police; the Town of Ellenburg, New York; Clinton County, New York; Clinton County Corrections; an unnamed psychiatrist; and the United States.  Because Levesque is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether Levesque has stated any claim upon which relief might be granted, or whether Levesque has stated a claim against a defendant who is immune from the relief requested.  <u>See</u> 28 U.S.C. § 1915(e)(2); United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(1)(B).

<u>Standard of Review</u>

Under LR 4.3(d)(1)(B), when a plaintiff commences an action pro se, the magistrate judge conducts a preliminary review.  In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89,

94 (2007) (per curium) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, Erickson, 551 U.S. at 94, and any inferences reasonably drawn from them. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

The complaint submitted in this matter lacks clarity and precision and, as such, is extremely hard to decipher. Generously reading and construing the allegations made by Levesque, however, I find that he has asserted the following facts in support of the claims raised here.

Levesque appeared in court in the Town of Ellenburg, Clinton County, New York.  Following an exchange with the judge, Levesque was held in custody and ordered to undergo a psychiatric evaluation.  Levesque claims that he was then kicked and punched thirty times, pulled from a locked cell or room, and ordered to stand in a corner, presumably by a guard or security officer in the employ of the Town, County, or State.

Levesque met with a psychiatrist appointed to conduct the court-ordered evaluation.  He asked her to report the assault, but she refused.  The psychiatrist determined that Levesque was not competent, but Levesque suggests that she might have based her decision on irrelevant considerations.  Levesque was found to be competent in a second evaluation performed by a different psychiatrist.

Levesque claims that at some point he asked the New York State Police in Plattsburgh, New York, to protect him.  On one occasion, Levesque claims that two New York State Police officers approached him, and they were intimidating.  Levesque informed them that reckless endangerment of a vulnerable adult is a felony.

Levesque has a skin condition and suffers from pain.

Levesque alleges that he has suffered discrimination as a result, and that his disability has not been accommodated.  Levesque's disability has caused him to spend all of his money.  Every physician Levesque has seen has denied him pain medication, including the doctors in the Clinton County Corrections system.  Levesque asserts that he has a Medicaid card, and copies of his Medicare and New York State benefits cards are included as attachments to the complaint.

Levesque has asserted claims that I construe as arising under the federal constitution and federal statutes.  Levesque has alleged that all defendants are liable for the assault he suffered while in custody, for failing to take steps to prosecute his assailants, or for failing to protect him.  In addition, Levesque asserts that he has suffered disability discrimination and is entitled to Medicaid coverage.

## Discussion

### I. United States

Only an act of Congress can waive the United States' immunity from suit.  See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).  Waivers of sovereign immunity are not implied and are strictly construed in favor of the sovereign.

4

See Lane v. Pena, 518 U.S. 187, 192 (1996).

Levesque's complaint includes a demand for $80 million against the United States. The precise nature of the claim is unclear, but Levesque appears to contend that the federal government had a duty to prosecute his assailants or protect him. Whether arising under the Constitution or sounding in tort, however, Levesque's claim is barred by sovereign immunity or is otherwise beyond this court's jurisdiction. See McNeil v. United States, 508 U.S. 106, 113 (1993) (Federal Tort Claims Act "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" under 28 U.S.C. § 2675); Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (Bivens claim against United States for money damages is barred by sovereign immunity). Accordingly, the United States should be dismissed from this action.

II.  State Defendants

The Eleventh Amendment generally bars a plaintiff from suing a state or state agency for damages. See Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009). Levesque's claims against the State of New York and State Police relate to his allegations that the police intimidated him, failed to protect

him, and failed to prosecute those who assaulted him. These claims, arising under 42 U.S.C. § 1983,[1] are barred by the Eleventh Amendment and should be dismissed.

To the extent that Levesque intends to assert claims against the State defendants for disability discrimination or a failure to provide him with Medicaid coverage for specific items or costs he has incurred, I find that Levesque's factual allegations are insufficient to state a claim against the State defendants. Accordingly, I recommend dismissal of the State defendants from this action.

III. <u>Town and County Defendants</u>

Levesque's claims against the municipal defendants, namely, the Town of Ellenburg, Clinton County, and Clinton County Corrections, arise from his assertions that he was assaulted while in custody, and that his assailants were not prosecuted. Additionally, Levesque asserts that the County Corrections

---

[1]Section 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

physicians denied him medication for pain. These claims, alleging deprivations of his federal constitutional right to humane treatment while in custody, arise under 42 U.S.C. § 1983.

Municipalities and other local government entities are "persons" within the meaning of section 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Under New York law, counties and towns are local governmental units. See Smith v. County of Livingston, 416 N.Y.S.2d 130, 132-33 (N.Y. App. Div. 1979) (dismissing section 1983 claims asserted against New York village and county because official policy was not alleged to be cause of constitutional tort). In order to maintain a suit against this type of defendant under section 1983, the claim must be grounded upon either an officially-sanctioned municipal policy, or a custom or practice "'so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" Miller v. Kennebec County, 219 F.3d 8, 10 (1st Cir. 2000). Accord Wood v. Hancock County Sheriff's Dep't, 354 F.3d 57, 64 (1st Cir. 2003). Moreover, "it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is

'the moving force' behind the constitutional violation that a municipality can be liable." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) (quoting Monell, 436 U.S. at 694).

Levesque has not asserted any facts that demonstrate that the County, the Town, or the Corrections agency executed a policy or engaged in a custom of allowing or enabling employees to strike vulnerable persons or otherwise violate individual rights in the manner described in the complaint. I find, therefore, that Levesque has not stated a claim against Clinton County, the Town of Ellenburg, or Clinton County Corrections, and I recommend that these defendants be dismissed from this action.

IV.  Unnamed Psychiatrist

Judicial officers have absolute immunity from civil liability for harm allegedly incurred as a result of their judicial acts. See Stump v. Sparkman, 435 U.S. 349, 359 (1978). "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Persons functioning as agents of the court, pursuant to court order, have absolute quasi-judicial

immunity for those activities integrally related to the judicial process that they perform, so long as the activities are not clearly outside of the scope of their jurisdiction.  See id. at 3.  This absolute quasi-judicial immunity applies to claims filed against psychiatrists performing competency evaluations under court order.  See McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992); Moses v. Parwatikar, 813 F.2d 891, 892-93 (8th Cir. 1987).

Here, Levesque has sued the psychiatrist who performed an evaluation of him pursuant to court order.  The psychiatrist is absolutely immune from the claims asserted in the complaint, as they arise from her conduct in performing a court-ordered evaluation of Levesque.  See Moses, 813 F.2d at 892-93.  Accordingly, I recommend dismissing Levesque's claims against the unnamed psychiatrist.[2]

## Conclusion

For the foregoing reasons, I recommend dismissal of the

---

[2] A federal court may not sua sponte raise the issue of personal jurisdiction as the basis for dismissing a case, as personal jurisdiction is a waivable individual liberty right. See McBee v. Delica Co., 417 F.3d 107, 127 (1st Cir. 2005). Levesque should be aware, however, that there is no apparent basis upon which this Court could exercise personal jurisdiction over the State, Town, or County defendants, or the psychiatrist, unless they were to waive that defense.

9

complaint (doc. no. 1).

The claims identified in this Report and Recommendation will be considered for all purposes to be the claims raised in the Complaint (doc. no. 1).  If Levesque disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this notice, or he must properly move to amend the Complaint.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:	October 14, 2009

cc:	Andre R. Levesque, pro se